**IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY**

FERRY JOSEPH, P.A.,                              )
a Delaware professional corporation             )
                                                )
            Plaintiff,                           )
                                                )
    v.                                          )        C.A. No. CPU4-15-001931
                                                )
APPU CHACKO,                                    )
                                                )
            Defendant.                           )
                                                )

Submitted: April 11, 2016
Decided: May 18, 2016

James Gaspero, Jr., Esquire                     Appu Chacko
Ferry Joseph, P.A.                              401 Topsfield Road
824 N. Market Street                            Hockessin, DE 19707
P.O. Box 1351                                       *Self-Represented Defendant*
Wilmington, DE 19899
   *Attorney for Plaintiff*

**DECISION AFTER TRIAL**

**SMALLS, C.J.**

In the matter before the Court, Ferry Joseph, P.A. ("Plaintiff") seeks to recover attorney's fees for legal services it provided to Appu Chacko ("Defendant") for representation in a guardianship matter. The Complaint alleged Defendant agreed to pay for legal services at Plaintiff's normal hourly rate, and as a result of his failure to pay for these legal services, he owes Plaintiff $4,890.85 in attorney's fees, plus interest and costs.

Defendant filed an answer to the complaint in which he admitted that he entered into an Engagement Agreement (the "Agreement") for legal services; however, he denied any amount is due. Defendant claims that he is not liable because Plaintiff's attorney's fees are unreasonable and excessive pursuant to the Delaware Lawyers' Rules of Professional Conduct. Defendant further alleges that Plaintiff did not handle his case in the way that the parties agreed. Additionally, he brings a counterclaim for the amount of attorney's fees in which the Court determines is excessive and unreasonable.

Plaintiff denies that it breached the agreement, and raised a number of affirmative defenses, which include failure to state a claim under *Court of Common Pleas Civil Rule* 12(b)(6), acquiescence, and that Defendant's claims are barred by the statute of limitations.

On April 11, 2016, the Court held trial and reserved its decision. It is undisputed that an agreement existed between the parties. The Court is called upon to determine whether Plaintiff breached that agreement, and whether the attorney's fees at issue are reasonable. This is the Court's final decision after trial.

## FACTUAL BACKGROUND

In November 2005, Defendant retained Plaintiff to represent him in a Court of Chancery matter in which he sought guardianship of his daughter (the "guardianship matter"). When Defendant retained Plaintiff, he signed the Agreement which outlined the legal services Plaintiff would provide, and the fees and expenses associated while representing Defendant. In particular, the agreement provides:

### Professional Services

You will receive an itemized bill on a monthly basis regarding professional services rendered in the Matter. Bills will be submitted to client at [the client's address]. Professional services will be billed at an hourly rate of Two Hundred Fifty Dollars ($250.00) for David J. Ferry, Jr., and One Hundred Seventy-five Dollars ($175.00) to Two Hundred Twenty Five Dollars ($225.00) for associate counsel. This rate may be adjusted in the future, and client will receive adequate notice of the increase. Paralegal/law clerk expenses are charged at the hourly rate of One Hundred Dollars ($100.00) per paralegal. We will endeavor to use our time as efficiently as possible, as well as delegate tasks to hold the total fee down. It is understood that Mr. Ferry will be primary counsel and that asocial counsel will provide services only as needed.

### Expenses

In addition to the professional fees referenced above, client will also be billed for certain out-of-pocket costs that may occur in the Matter. For example, we may include on our statements separate charges for services such as photocopying, messenger and delivery service, computerized research, travel, long-distance telephone and telecopy and search and filing fees. Fees and expenses of others (court reporters and experts) will not be advanced by us, but will be billed directly to client.

David Ferry, Jr., Esquire ("Mr. Ferry"), testified that the guardianship was very combative, aggressive, and one of the most difficult cases that he ever litigated. He also testified that the guardianship was so demanding that it required other counsel and legal assistants to assist

3

him with the case, all of whom had different tasks and spent different amounts of time on the case.[1] This litigation—which commenced in November 2005 and continued until October 2012—required Plaintiff to expend a significant amount of time preparing, and as a result, Defendant incurred approximately $67,604.47 in expenses and fees.

Throughout the course of litigation, and even after the case concluded, Defendant made regular payments to Plaintiff—to date, he has paid $62,713,65—however, on March 20, 2014, he emailed Mr. Ferry, and asked whether Plaintiff would consider writing off the balance on his account or reducing it.[2] Ferry testified this was the first time Defendant had expressed any concerns about his bill or the fees.[3] In response, Mr. Ferry offered to reduce his invoice by twenty percent if he was able to pay the remaining $4,890.85 in one lump sum.[4] Defendant declined the offer, explaining that he asked for a reduction because he had concerns about work performed by other counsel.[5] Mr. Ferry then told Defendant that he would review the bills and address his concerns.[6] Defendant replied by acknowledging that the litigation was difficult and that the outcome was fair, and stated, "I did not bring this up sooner because I thought I would pay you your fees in any case because of [t]he efforts you all put into it. I have since retired and have a need to review my expenses. I have seen the numerous times that you have put in 'NC – No Charge' for your time."[7] Nevertheless,

---

[1] At times, the Court of Chancery ordered in-camera interviews and appointed two individuals to serve as a Guardian Ad Litum. Throughout litigation, counsel deposed a number of individuals, reviewed multiple documents, researched a number of complex legal issues, and drafted numerous legal documents.
[2] Pl. Ex. 3.
[3] Pl. Ex. 5.
[4] Pl. Ex. 4.
[5] *Id.*
[6] Pl. Ex. 5.
[7] Pl. Ex. 5

Defendant ceased making payments, Plaintiff now seeks recovery of the remaining $4,890.85.

## DISCUSSION

In order to prevail on a claim for breach of contract, Plaintiff must prove, by the preponderance of the evidence, that: (1) an agreement existed between Plaintiff and Defendant; (2) Defendant breached an obligation imposed by the agreement; and (3) as a result of that breach, Plaintiff suffered damages.[8] It is undisputed that an agreement existed between the parties, however, the parties dispute whether Plaintiff properly fulfilled its obligations under the agreement, and whether Plaintiff's attorney's fees were reasonable.

The Court's ultimate goal in interpreting a contract is "to determine the parties' shared intent."[9] Delaware courts adhere to the objective theory of contract interpretation, and interpret contracts "as would an objectively reasonable third-party observer."[10]

In assessing the reasonableness of attorney's fees, the Court is entitled to exercises its discretion, and in doing so, relies on Rule 1.5 of the Delaware Lawyers' Rules of Professional Conduct for guidance, which sets forth the factors that the Court should consider when deciding whether the fees are reasonable.[11] The factors are as follows:

> (1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or

---

[8] *VLIW Technology, LLC v. Hewlett-Packard Co.*, 840 A.2d 606, 612 (Del. 2003).
[9] *Sassano v. CIBC World Markets Corp.*, 948 A.2d 453, 462 (Del. Ch. 2008).
[10] *Id.* at 462 (citations omitted).
[11] *Danenberg v. Fitracks, Inc.*, 58 A.3d 991, 995–96 (Del. Ch. 2012) (citing *Mahani v. EDIX Media Gp., Inc.*, 935 A.2d 242, 245 (Del. 2007)).

by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and, (8) whether the fee is fixed or contingent.[12]

In addition to these factors, trial courts also consider "whether the number of hours devoted to litigation was excessive, redundant, duplicative or otherwise unnecessary."[13] This "'does not require that this Court examine individually each time entry and disbursement.'"[14] Moreover, in assessing the reasonableness in attorney's fees, the Court is not required to determine whether attorney's litigation tactics in representing his or her client were appropriate.[15] "For a Court to second-guess, on a hindsight basis, an attorney's judgment . . . is hazardous and should whenever possible be avoided."[16]

Defendant claims that Plaintiff did not handle his case in the way that the parties agreed upon, arguing that Plaintiff over utilized its resources by having more than one attorney work on the same task or attend the same court proceeding.[17] Plaintiff contends that Mr. Ferry discussed this with Defendant, explained why there was more than one attorney working on his case, and that Defendant approved of all of the decisions to utilize other counsel's services. Plaintiff also argues that it was necessary to involve other counsel in this matter because each attorney offered a different perspective on the legal issues within the case, and had different areas of expertise, which allowed counsel to work as a team and

---

[12] Del. Lawyers' R. Prof'l. Conduct 1.5(a).

[13] *Mahani*, 935 A.2d at 247–48 (internal quotation marks omitted).

[14] *Danenberg*, 58 A.3d at 997(quoting *Aveta. Inc. v. Bengoa*, 2010 WL 3221823, at *6 (Del. Ch. 2010); accord *Blank Rome v. Vendel*, 2003 WL 21801179, at *8–9 (Del. Ch. 2003) (rejecting alleged requirement of line-item review)).

[15] *Id.*

[16] *Arbitrium (Cayman Islands) Handels AG v. Johnston*, 1998 WL 155550, at *4 (Del. Ch. Mar. 30,1998) *aff'd.* 720 A.2d 542 (Del. 1998).

[17] In particular, Defendant complains that Plaintiff's decision to have both Mr. Ferry and another associate attended a deposition, and trial itself was inefficient.

6

provide Defendant with the best representation possible. Plaintiff also claims that it utilized legal assistants to assist counsel in order to decrease the expenses Defendant incurred.

These proceedings were litigated in the Court of Chancery and Ferry testified that opposing counsel were aggressive and the case required extensive pre-trial and trial preparation. In considering the parties arguments, I find that Plaintiff did not breach its agreement with Defendant. Considering the amount of time Plaintiff spent in litigating this case—which was over the course of seven years—and the complexity of the case, Plaintiff provided Defendant with more than adequate representation. The Court is not inclined to second-guess Plaintiff's judgment of how he utilized the services of other counsel in his firm. The record supports a basis to conclude Plaintiff expended its resources appropriately and designated certain individuals to complete tasks which was appropriate in their area of expertise, thus sufficiently providing Defendant with legal representation.

Defendant also objects to the amount of attorney's fees that he incurred, arguing that the fees were unreasonable. After reviewing the evidence, I do not find Plaintiff's argument persuasive. Mr. Ferry has been a member of the Delaware Bar for more than thirty years, and his practice focuses on estates and guardianships. In light of his experience, his hourly rate of $250.00 per hour is more than reasonable.[18] The Court also finds that Mr. Ferry's decision to delegate certain tasks to other counsel and to legal assistance was not only reasonable, but it was also cost-effective, since those individuals billed at hourly rates less than Mr. Ferry. Additionally, even when Defendant first contested his bill in 2014, he acknowledged the time and effort that Plaintiff expended in defending him in the

---

[18] *Bayview Manor II Maintenance Corp. v. Alkhatib*, 2015 WL 4789762 at *3 (Del. Com. Pl. Apr. 30, 2012) (finding that counsel's $175.00 hourly rate was competitive in light of his nearly twenty-year experience).

7

guardianship matter, and stated that the outcome was fair.[19] He also stated that he was planning on continuing to pay Plaintiff's fees, however, because he had retired, he needed to review his expenses.[20] In considering this acknowledgment, as well as Mr. Ferry's experience, and the complexity of the case, I find that Plaintiff's attorney's fees are reasonable.

## CONCLUSION

For the foregoing reasons, judgment is entered in favor of Plaintiff in the amount of $4,890.85, cost and interest at the legal rate until paid. I also find for the Plaintiff on Defendant's counterclaim

**IT IS SO ORDERED.**

Alex J. Smalls,
Chief Judge

Ferry v Chacko-OP  May 2016

---

[19] *See* Pl. Ex. 5.
[20] *Id.*